IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

OMAR GUYTON
Reg. #20748-009                                                                                          PETITIONER

Civil Case No. 4:15CV00756 JM-JTK

ODDO, Warden, et al.                                                                              RESPONDENTS

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

NOW BEFORE THE COURT is a petition for a writ of habeas corpus filed by Omar Guyton, a federal inmate housed at USP Allenwood in Allenwood, Pennsylvania.[1] (Doc. No. 1) Petitioner originally filed in the United States District Court for the Middle District of Pennsylvania, but that court subsequently transferred to this district because it challenged a detainer lodged by the State of Arkansas. (Doc. No. 3) Once transferred, the undersigned ordered the petition served on the Respondent and the Arkansas Attorney General. (Doc. No. 6) In Response, Respondent filed a Motion to Dismiss, asserting that the petition should be dismissed for lack of jurisdiction because it no longer presents a case or controversy. (Doc. No. 13) According to Respondent, Petitioner has now received the relief he requested—credit for the time he served his Arkansas sentence on parole while in federal custody. Petitioner did not file a response to the motion.

Having reviewed the record and the available evidence before the Court, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed as moot.

## Background

Petitioner is currently serving a federal sentence imposed by this district for armed bank robbery.

---

[1] This case is unique in that, although Petitioner is currently in federal custody pursuant to a federal conviction, his petition challenges a state sentence calculation. While this case is styled as a petition brought pursuant to §2241, it is actually a §2254 case, hence the need for the Arkansas officials to respond. The Court construes this matter as one being brought pursuant to §2254.

*United States v. Omar Guyton*, Case No. 4:09-cr-00083-BSM. The court imposed the sentence on January 29, 2013. Petitioner received a sentence of 120 months imprisonment, five years supervised release, $2,760 in restitution, and $100 special penalty assessment. *Id.*

At the time of his federal conviction, Petitioner was on parole. He pleaded guilty in Pulaski County Circuit Court to theft by receiving on May 22, 2006, and received a twelve year sentence in the Arkansas Department of Correction (ADC). The circuit clerk entered the judgment and commitment order on May 26, 2006. According to Respondent, the ADC released Petitioner on parole on September 16, 2008. Petitioner absconded from parole and robbed a bank in October 2008. He was subsequently arrested by federal authorities in February 2009.

In his petition, Petitioner acknowledges that he absconded from the state but asks that the Court order that he no longer be considered an absconder from February 15, 2009, when he was placed in federal custody. Respondent submits proof that Petitioner's sentence has been properly calculated to reflect that he is no longer an absconder as of February 15, 2009, and thus, requests that the petition be dismissed.

## Discussion

In the petition, Petitioner indicated that he wished to challenge "the Arkansas Community Correction on [its] ruling to increase my 12 [year] sentence from 4-18-2018 to 7-14-2022." (Doc. No. 1 at. P. 7) By extension of his absconding status past the date he was placed in federal custody, the state sentence was effectively extended as well, with a maximum release date approximately four years later. Respondent has provided evidence that Petitioner has received the relief he seeks in the petition. The New Release Date Calculation form created by the ADC shows that Petitioner's maximum release date is July 24, 2018. (Doc. No. 14-2, at p. 1). Having received the relief he sought, the petition for a writ of habeas corpus is now moot. *See Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) ("Article III of

the United States Constitution limits the jurisdiction fo the federal courts to actual, ongoing cases and controversies. When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Beck v. Missouri State High Sch. Activities, Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no jurisdiction and must dismiss the action. *See Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969).

## Conclusion

Based on the foregoing, the Court finds the petition for writ of habeas corpus, Doc. No. 1, is moot and that Respondent's Motion to Dismiss, Doc. No. 13, is granted.

IT IS SO ORDERED this 6th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE